IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KELLY MEADORS**,

    Plaintiff,

v.

**CAROLYN COLVIN**, Commissioner,
Social Security Administration,

    Defendant.

**Civ. No. 6:13-cv-00536-MC**

**OPINION AND ORDER**

_____

**MCSHANE, Judge**:

    Plaintiff filed this unopposed petition for attorney fees, ECF No. 26, in the amount of $3,223.68 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Defendant does not oppose this petition. For the reasons set forth below, plaintiff's petition, ECF No. 26, is GRANTED in PART and DENIED in PART.

    Under the EAJA, this Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If attorney fees are appropriate, this Court must then determine whether the amount of fees requested is reasonable. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

    Because the Government stipulates that plaintiff is entitled to attorney fees, this Court's inquiry is limited to the reasonableness of plaintiff's petition. Under the EAJA, an award of

1 – OPINION AND ORDER

attorney fees is limited to $125.00 per hour "unless the court determines that an increase in the *cost of living* or a special factor, such as the limited availability of qualified attorney for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses." (citations omitted)). The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed. *Id*. at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

Pursuant to these cost-of-living calculations,[1] plaintiff is awarded fees at the hourly rates of $186.88 for 17 hours[2] of work performed by counsel in 2013 and 2014. This Court declines to award fees for tasks that are "purely clerical or secretarial." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). As a result, this Court does not award for time spent "Fil[ing] [the] EAJA fee petition." Pl.'s Pet. for Att'y Fees 6, ECF No. 26 (indicating that plaintiff's counsel spent .25 hours filing this petition). Accordingly, plaintiff is awarded attorney fees in the amount of $3,176.96.

IT IS SO ORDERED.

---

[1] Plaintiff's hourly rates are consistent with the "statutory maximum rates" under the EAJA. *See, e.g.*, UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Apr. 14, 2014).

[2] Plaintiff mistakenly listed her total hours as 15.75 instead of 17.25. Pl.'s Pet. for Att'y Fees 6, ECF No. 26.

DATED this 24th day of April, 2014.


      _____s/Michael J. McShane_____
      **Michael J. McShane**
      **United States District Judge**

3 – OPINION AND ORDER